SOPHIE C. ZINOVOY, Respondent, Appellant, *v.* MINNIE LIEBERMAN, Individually, as Administratrix, etc., of DAVID H. LIEBERMAN, Deceased, and as General Guardian of SOPHIE C. ZINOVOY, Formerly Known as SOPHIE C. LIEBERMAN, Appellant, Respondent.

First Department, January 15, 1937.

*David Haar*, for the plaintiff.

*I. Maurice Wormser* of counsel [*Louis H. Levin*, attorney], for the defendant.

PER CURIAM. We are of the opinion that the evidence sustains the conclusion that there was an executed gift by the plaintiff to the defendant of the income of the real estate of David H. Lieberman. The defendant's testimony, accepted as true by the trial court, establishes such a gift and is corroborated by the delay of sixteen years which intervened between the time the plaintiff

became of age and when she first asserted any claim to the income of the real estate. It is also attested by the releases executed by the plaintiff to the defendant as administratrix and general guardian. The judgment to the extent appealed from by the plaintiff should, therefore, be affirmed.

We are of opinion, however, that the judgment should be reversed and the proceeding remitted to the Special Term to allow to the defendant, and to determine, her dower in the Canal street property. The court regarded the interest of the deceased in that property as real estate, but the referee on the accounting failed to take into consideration the defendant's dower therein. This result is now attempted to be sustained by the plaintiff on the ground that the defendant failed to assert her dower by counterclaim in the action and, moreover, that the right is barred by the Statute of Limitations (Real Prop. Law, § 460). In our opinion both these objections were waived by the plaintiff, when in her complaint she alleged that she " was and now is entitled * * * to a one-half share of said real estate of said decedent, subject to the dower interest of said widow [the defendant]." Indeed, the interlocutory judgment appears to recognize that right in that it directs an accounting by the defendant of the proceeds of the Canal street property less proper disbursements " and defendant's right therein." Since the plaintiff in her complaint conceded that her interest in the real estate was subject to the defendant's dower, it was not incumbent on the defendant to assert that right by counterclaim. Furthermore, by alleging that the defendant was entitled to dower in the Canal street property at the time of the commencement of the action, the plaintiff also waived the Statute of Limitations, if it be assumed that the statute would apply.

On the plaintiff's appeal the judgment should be affirmed. On the defendant's appeal the judgment should be reversed, without costs, and the proceeding remitted to the Special Term to determine the amount of the defendant's dower in the Canal street property and to make proper allowance therefor in the accounting.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

On plaintiff's appeal, judgments and order so far as appealed from unanimously affirmed. Judgments and order so far as appealed from by the defendant unanimously reversed, without costs, and the proceeding remitted to the Special Term to determine the amount of the defendant's dower in the Canal street property and to make allowance therefor in the accounting. Settle order on notice.